## MARION v. CITY COUNCIL OF CHARLESTON.

1. ACTIONS—PARTIES—PRACTICE—RULE TO SHOW CAUSE—EXECUTORS AND ADMINISTRATORS.—Proper practice to continue an action by or against a personal representative of a decedent is to make *ex parte* application upon showing by affidavit for rule to show cause why action should not be so continued, but any procedure having substantially the same effect is sufficient.

2. ISSUES—JURY.—MOTION to submit an issue to jury on simple notice will not be granted, but such motion should comply with the requirements of Rule 28 of Circuit Court.

3. PARTIES—EXECUTOR AND ADMINISTRATOR.—THIS COURT will not grant an order to substitute the personal representative of a deceased party where the death occured during pendency of case in Circuit Court, and the appeal is from the order refusing such substitution.

4. JUDGMENT—DEFAULT.—THIS COURT cannot order a judgment by default in its appellate jurisdiction. In an action to cancel a deed for fraud and for damages in consequence of the fraud, the Court cannot give judgment by default, but relief must be obtained either by verdict of jury or by decree of Judge.

Before Townsend, J., Charleston, December, 1904. Affirmed.

Action by Sophia S. Marion against City Council of Charleston. From order refusing to substitute party and to submit issue to jury, plaintiff appeals.

*Mr. Julian Fishburne,* as agent for appellant, cites: *Legal action to which is an equitable defense may be transferred to Cal. 2 for trial of defense by Court:* 52 S. C., 461. *Defendant having waived right to answer, is out of Court:* Code of Proc., 267.

*Mr. Geo. H. Moffett,* contra, cites: *Motion to substitute party did not conform to practice:* Code of Proc., 142; 42 S. C., 391; 44 S. C., 388; 55 S. C., 269; 58 S. C., 578; 60 S. C., 484.

November 7, 1905. The opinion of the Court was delivered by

Mr. Justice Jones. This appeal is from an order of Judge Townsend, dated December 22, 1904, refusing to grant a motion to substitute the name of Sophia Helen Fishburne, as executrix under the will of Sophia F. S. Marion, as plaintiff in the above stated case, and to assign a date for submitting the question of damages to a jury. So far as the case shows, the only paper served upon the defendant was the notice signed by "Julian Fishburne, Agent," to the effect that he would on the day specified make the motion for the purpose above named. So far as appears in the "Case," there was nothing before the Court to show that Sophia F. S. Marion was dead, that she left a will which had been probated and that Sophia Helen Fishburne had qualified as executrix.

Under these circumstances, it was proper to refuse the motion. A proper practice in such case is to make an *ex parte* application based upon a proper showing by affidavit

37—72

for a rule to show cause why the action should not be continued by or against the party sought to be substituted, as suggested in *Dunham* v. *Carson,* 42 S. C., 391, 20 S. E. R., 197, and approved in *Pickett* v. *Fidelity Co.,* 60 S. C., 484, 38 S. E. R., 160. However, under any procedure having substantially the same effect, filling the requirements of notice, proof of necessary facts and opportunity to contest such alleged facts, would be sufficient, as in *DeLoach* v. *Sarratt,* 55 S. C., 275, 33 S. E. R., 2; *Shull* v. *Bradford,* 58 S. C., 580, 37 S. E. R., 30. The appellant not having made any proper showing before the Circuit Court, it was not error to deny his motion to substitute.

With reference to the second branch of the motion, which was to fix a day for the submission of an issue to a jury. The action was brought to cancel a deed on the ground of fraud and recover damages in consequence of the alleged fraud by the city council of Charleston. Assuming that the action was being properly continued in the name of Sophia F. S. Marion, the motion was properly denied for non-compliance with Rule 28 of the Circuit Court, providing the procedure when it was desired to submit to a jury an issue of fact arising in an equity case.

The appellant served notice of a motion requesting that this Court grant, (1) an order to substitute as plaintiff Sophia Helen Marion Fishburne, as executrix of Sophia F. S. Marion; (2) an order for judgment by default, and presented such motion on the call of the case.

The movant now presents to this Court a showing of the facts which he should have presented, but failed to present, to the Circuit Court, as it appears in the "Case" prepared for argument.

We will not, however, entertain this motion under the circumstances. While there are cases in which this Court might find it proper or necessary to make such a substitution (as in the case of a death occurring pending appeal in this Court), it would not be proper in this instance, when the necessity for substitution occurred while the case was pend-

ing in the Circuit Court. Furthermore, the appeal is from an order of the Circuit Court denying such motion, and if we should now grant such motion, the result would be to practically reverse the action of the Circuit Judge, when he committed no error as the case was presented to him.

This Court, in its appellate jurisdiction, cannot order a judgment by default, as requested. Even the Circuit Court could not have ordered a judgment by default in this case upon facts presented in this motion, for it is shown that defendant appeared in due time, demurred in due time, and after the filing of the remittitur in the former appeal in this case sustaining the action of the Circuit Court in overruling the demurrer, served answer in due time, in accordance with the rule stated in *Barnwell* v. *Marion,* 56 S. C., 54, 33 S. E. R., 719. In addition to this, the present case is such that, under section 267 of the Code of Civil Procedure, even in case of default of answer, "the relief to be afforded the plaintiff shall be ascertained either by the verdict of a jury or in cases of chancery by the Judge, with or without a reference, as he may deem proper." The motion must, therefore, be overruled.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*